In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3417

HARTFORD CASUALTY INSURANCE CO.,

*Plaintiff-Appellee,*

*v.*

KARLIN, FLEISHER & FALKENBERG, LLC, *et al.*,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 14 C 2883 — **John Robert Blakey**, Judge.

ARGUED APRIL 19, 2016 — DECIDED MAY 16, 2016

Before BAUER, POSNER, and FLAUM, *Circuit Judges*.

POSNER, *Circuit Judge*. Ronald G. Fleisher, a lawyer, had worked for two affiliated law firms that together with their principals (some of whom appear from their names to be relatives of his, though he was not one of the principals) are the defendants in this litigation and in the state court litigation from which it arises.

In March 2013 Fleisher had filed a written demand with the defendants claiming that when he retired, in 2011, he had accrued more than 90 weeks of unused vacation time

and more than 322 days of unused sick leave, and that the firms and their principals were contractually required, and also required by the Illinois Wage Payment and Collection Act, 825 ILCS 115/1 *et seq.*, to pay him for those accruals at the same rate of pay for the vacation time, and at 75 percent of the rate for the unused sick time, that he'd been receiving on the eve of his retirement. He estimated that he was owed about $950,000 for the accruals. He wasn't paid, and in August 2013, five months after making his demand, he sued in a state court in Illinois, claiming that the defendants had "in breach of their employment agreement" failed to pay him "the compensation owed to him for his unused but accrued sick and vacation time under the parties' agreement."

The following month the defendants sent a copy of Fleisher's complaint to the Hartford Casualty Insurance Company, seeking coverage of their potential debt to Fleisher and of the associated litigation costs under the "Employee Benefits Liability Provision" of the Business Owners Policy that Hartford had issued to the defendants and that was still in force. It took five months for Hartford to reply to the defendants, and the reply when finally sent said only that the matter was under consideration. Two months later Hartford replied again—this time denying coverage. Days before sending that reply Hartford sued the defendants in federal district court under the diversity jurisdiction, seeking a declaration that the insurance policy did not cover Fleisher's claim. Hartford offered a variety of reasons, of which the most important was that the defendants' failure to pay Fleisher had not been the result of any negligent act, error, or omission in the administration of the employee benefits program, which was all that the policy covered.

The state court suit has been settled. The question presented by this case is whether Hartford had a duty to defend the defendants in that suit, in which event they presumably would be entitled to reimbursement by Hartford for the legal fees they incurred in that litigation. The district judge ruled that Hartford had no such duty under Illinois law (the applicable substantive law in this diversity suit), and he therefore granted summary judgment in favor of Hartford, precipitating this appeal.

The insurance policy limits coverage to an "injury that arises out of any negligent act, error or omission in the 'administration' of [the insured's] 'employee benefits program,'" "administration" being defined to include "handling records in connection with 'employee benefits programs.'" There is no coverage, however, for "failure … to perform any obligation or to fulfill any guarantee with respect to: (a) The payment of benefits under 'employee benefits programs'; or (b) The providing, handling or investing of funds related thereto." The key term in the policy, as far as the present case is concerned, is "negligent act," quoted in the second line of this paragraph. Insurance law fixes a "line of demarcation between negligent acts and breaches of contract." *Baylor Heating & Air Conditioning, Inc. v. Federated Mutual Ins. Co.*, 987 F.2d 415, 420 (7th Cir. 1993) (Indiana law). "[I]nsurance policies are presumed not to insure against liability for breach of contract. The reason is the severe 'moral hazard' problem to which such insurance would often give rise. The term refers to the incentive that insurance can create to commit the act insured against, since the cost is shifted to the insurance company. An example is the incentive to burn down one's house if the house is insured for more than its value to the owner." *Krueger Int'l, Inc. v. Royal Indemnity*

*Co.*, 481 F.3d 993, 996 (7th Cir. 2007) (citations omitted) (Wisconsin law). It would be absurd for an insurance company to insure against a breach of a contract to, say, buy a car, for then the insured could take delivery of the car, refuse to pay for it, and require the insurer to reimburse the seller for the car's sale price and the cost of litigation.

This case is similar. Fleisher had a contractual claim to compensation for unpaid vacation time and sick leave, and contended that the defendants had refused to honor the claim, thus breaking the contract. But the defendants were not insured against a breach of contract. Hartford therefore had no duty to defend the defendants from having to compensate Fleisher for the breach. Nor was it obligated to pay the defendants' litigation expenses.

The defendants have another string to their bow, however—an argument that Fleisher's claim was based not only (or mainly) on a breach of contract but also or instead on the defendants' having violated the Illinois Wage Payment and Collection Act. But the only violation of the Act that they alleged is the breach of contract.

In an attempt to get around the fact that the Hartford policy did not insure against the consequences of a breach of contract, the defendants point out that Fleisher was in charge of maintaining the records of employees' accrual and use of vacation time and sick leave, and they argue that through negligence he failed to maintain accurate records for himself. His claim for almost a million dollars in uncompensated accruals was therefore, the defendants contend, the result of negligence in the administration of employee benefits, a form of misconduct that Hartford's insurance policy did cover. As the defendants put it in their reply brief, where the

argument is stated most clearly, "The precipitating acts which were negligent in the present case are Defendants' failure to maintain the records which would have allowed them to calculate the benefits, if any, due Ronald Fleisher and Defendants' failure to monitor Ronald's maintenance of those records."

The defendants are mistaken. The basis of Fleisher's claim was not that he had been underpaid as the result of a negligent act, as would have been the case had the company, for example, through carelessness mailed the money due him to a different person and the money had never been recovered because the recipient had fled with it to North Korea. Rather, Fleisher's claim was that the money he sought was indeed owed to him by virtue of his employment contract and thus that the defendants had refused to pay him what they were contractually obligated to pay him. But, to repeat, the consequences of a breach of contract were not covered by the defendants' insurance policy. This is the norm in the insurance industry: "responsibility to make payments according to a contract is not the sort of duty that will support an action in negligence." *Baylor Heating & Air Conditioning, Inc. v. Federated Mutual Ins. Co., supra*, 987 F.2d at 420 n. 8. Otherwise contracting parties would have an incentive not to keep track of their payment obligations, so that insurers would be responsible for all the "forgotten" payments.

What is true is that Hartford should not have taken seven months to respond to the defendants' request for coverage, but a delay in such a response can't create coverage when there clearly was no duty to defend. *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1135 (Ill. 1999);

*Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 692–93 (7th Cir. 2008)
(Illinois law). The defendants should have realized from the
outset that their breach of their contractual obligation to
Ronald Fleisher was not covered by their insurance policy.
The delay was not a valid ground for estopping Hartford to
deny coverage or a duty to defend.

AFFIRMED