**[J-13A-2024, J-13B-2024, J-13C-2024 and J-13D-2024] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| CLIFFORD COLE, PAMELA WEST, BRIAN,WEIRBACK, KATHY WEIRBACK, TODD SHELLY AND CHRISTINE SHELLY, | : | No. 21 EAP 2023 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court dated June |
| Appellees | : | 15, 2021 at No. 1577 CD 2019, |
| | : | Reversing and Remanding the |
| | : | Order of the Pennsylvania |
| v. | : | Environmental Hearing Board dated |
| | : | October 9, 2019 at No. 2019-046-L. |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | ARGUED: March 5, 2024 |
| ENVIRONMENTAL PROTECTION, | : | |
| | : | |
| | : | |
| Appellant | : | |

| | | |
|---|---|---|
| WEST ROCKHILL TOWNSHIP, | : | No. 22 EAP 2023 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court dated June |
| | : | 15, 2021 at No. 1595 CD 2019, |
| v. | : | Reversing and Remanding the |
| | : | Order of the Pennsylvania |
| | : | Environmental Hearing Board dated |
| DEPARTMENT OF ENVIRONMENTAL | : | September 25, 2019, at No. 2019- |
| PROTECTION, | : | 039-L. |
| | : | |
| Appellant | : | ARGUED: March 5, 2024 |

| | | |
|---|---|---|
| CLIFFORD COLE, PAMELA WEST, BRIAN WEIRBACK, KATHY WEIRBACK, TODD SHELLY AND CHRISTINE SHELLY | : | No. 77 MAP 2023 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court dated June |
| | : | 15, 2021 at No. 1577 CD 2019, |
| v. | : | Reversing and Remanding the |
| | : | Order of the Pennsylvania |
| | : | Environmental Hearing Board dated |
| PENNSYLVANIA DEPARTMENT OF | : | October 9, 2019 at No. 2019-046-L |
| ENVIRONMENTAL PROTECTION | : | |
| | : | ARGUED: March 5, 2024 |
| | : | |
| APPEAL OF: ADELPHIA GATEWAY, LLC | : | |

| | |
|---|---|
| WEST ROCKHILL TOWNSHIP | : No. 78 MAP 2023 |
| | : |
| | : |
| | : Appeal from the Order of the |
| v. | : Commonwealth Court dated June |
| | : 15, 2021 at No. 1595 CD 2019, |
| | : Reversing and Remanding the |
| | : Order of the Pennsylvania |
| DEPARTMENT OF ENVIRONMENTAL | : Environmental Hearing Board dated |
| PROTECTION | : September 25, 2019, at No. 2019- |
| | : 039-L |
| | : |
| APPEAL OF: ADELPHIA GATEWAY, LLC | : |
| | : ARGUED: March 5, 2024 |

## CONCURRING OPINION

**JUSTICE MUNDY**                                    **DECIDED: January 22, 2025**

I agree with the Third Circuit's holding in the *Riverkeeper* cases that DEP's permitting decisions are final for purposes of that court's review pursuant to Section 717r(d)(1) of the Natural Gas Act, 15 U.S.C. § 717r(d)(1). *See Delaware Riverkeeper Network v. Secretary of Pennsylvania Department of Environmental Protection*, 870 F.3d 171 (3d Cir. 2017) (*Riverkeeper II); Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection,* 903 F.3d 65 (3d Cir. 2018) (*Riverkeeper III*). Given the particularities of Pennsylvania's permit granting process, however, I am constrained to concur with the Majority that an appeal from DEP's permitting decision to the EHB is not a "civil action" as that phrase is used in Section 717r(d)(1). As the Third Circuit explained in *Township of Bordentown, New Jersey v. Federal Energy Regulatory Commission*, 903 F.3d 234 (3d Cir. 2018), a "civil action" "refers only to civil cases brought in courts of law or equity and does not refer to hearings or other quasi-judicial proceedings before administrative agencies." *Bordentown*, 903 F.3d at 267. While the EHB is an independent entity completely separate from DEP, differentiating Pennsylvania's permitting scheme from those of New Jersey and

Massachusetts, analyzed in *Bordentown* and *Berkshire Environmental Action Team v. Tennessee Gas,* 851 F.3d 101 (1st Cir. 2017), respectively, it is not a court of law or equity but, rather, a quasi-judicial agency. *See* 35 P.S. § 7513(a) ("The [EHB] is established as an independent quasi-judicial agency."). As such I agree with the Majority's determination that Section 717r(d)(1) does not preempt EHB's review of DEP's permitting decisions in these cases.

With that said, I would be remiss if I did not acknowledge the outcome of this Court's decision. Undue delays with regard to energy infrastructure development should, for obvious reasons, be avoided where reasonably possible. In this respect, Congress's purpose in enacting Section 717r(d)(1) was "to streamline the review of state decisions taken under federally [ ] delegated authority." *Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 822 F.3d 360, 370 (3d Cir. 2016) (*Riverkeeper I).* Today's decision will undoubtedly stymie that purpose. For instance, there will inevitably be dual track litigation, with cases simultaneously proceeding in the Third Circuit, as permitted pursuant to *Riverkeeper III*, and the EHB. This runs the risk of contradictory decisions, extending the length of litigation, and delaying ultimate permitting determinations. *See generally Tennessee Gas Pipeline Co. LLC v. Delaware Riverkeeper Network*, 921 F. Supp. 2d 381, 387-88 (M.D. Pa. 2013) (articulating similar concerns). In the alternative, permitting decisions may bounce back and forth between DEP and EHB, delaying Third Circuit review indefinitely. The EHB can remand a permitting decision back to DEP with instruction to revise DEP's decision consistent with the EHB's determination. Would an aggrieved party then be able to appeal DEP's revised decision back to the EHB, evading Third Circuit review? Congress could not have reasonably intended these outcomes as they are the opposite of "streamlin[ing] review of state decisions[.]"

Whatever Congress's intent was, our holding today is mandated by its use of the phrase "civil action" in Section 717r(d)(1). If Congress truly wants to bypass EHB review and channel all challenges of DEP permitting decisions involving interstate pipeline projects directly to the Third Circuit, it has the ability to amend Section 717r(d)(1)'s language so that the exclusivity of federal circuit review is not limited specifically to "civil actions."